UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

**CIVIL MINUTES - GENERAL**

Case No. 6:11-CV-6111-DOC                                                Date: November 13, 2012

Title: LEMKE v. WALKER & UNITED STATES

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Christy Weller | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING MOTION TO DISMISS

      Before the Court is Defendant United States' Motion to Dismiss (Dkt.24), opposed by Plaintiff Shelley Lemke (Dkt. 28).  The Court finds this matter appropriate for decision without oral argument.  Fed.R.Civ. P. 78(b).  After consideration, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's Third Claim for Relief against the United States with prejudice.

**I. Background**

      After being convicted of perjury on May 13, 1998, Plaintiff Shelley Lemke was sentenced to ten months in prison and three years of post-release supervision on July 29, 1998.  First Am. Compl. (FAC) (Dkt. 14) ¶ 6.  When she commenced her term of supervised release, in March, 1999, Defendant Mark Walker of the United States Department of Parole and Probation was her direct supervising release officer for approximately the first half of her period of supervised release, from March 1999 through September 2000. *Id.* ¶ 7.  Plaintiff alleges that, during her entire period of supervised release, Walker exploited his authority over her in order to coerce her into engaging in sexual acts with him against her will.  *Id.* ¶¶ 8-12.

      While Plaintiff's FAC initially appears also to allege that Walker continued to use the authority of his position in the Department of Parole and Probation to force her to provide sexual services to him as late as 2009-2010, *see* FAC ¶13, her Opposition to Defendant's Motion and her

Declaration in support of that Opposition completely abandon this claim. *See* Pl's Opp'n at 3-8 (arguing only that Walker's 1999-2002 abuses did not accrue until 2010, never claiming that *later* abuses would not have accrued until 2009-2010, and once referring to "2002, or so, at the time of the last sexual mistreatment of Plaintiff by Walker"); Decl. of Shelley Lemke (Dkt. 29) ¶¶ 2-5 (never mentioning any alleged abuses after 2002). Accordingly, this Court cannot consider any as-yet-unmade argument from the Plaintiff asserting that her claims were not time-barred because Walker's abuses continued after 2009.

Plaintiff further alleges that she assumed she was the only victim of Defendant Walker, and that she was frightened that any complaint she made would not be believed because of her criminal and drug history. FAC ¶ 14. However, after hearing that Walker had been indicted for engaging in a similar pattern of sexual coercion with other supervisees, Plaintiff presented her claim to the appropriate federal agency, the Administrative Office of the United States Courts, on July 12, 2011. *See* Decl. of John L. Chastain (Dkt. 26) at 4-10. That claim was deemed finally denied on January 18, 2012. *Id.* Plaintiff brought an amended complaint naming the United States as a party defendant on May 4, 2012. Her Third Claim for Relief against the United States is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2401(b), and 2671, *et seq.* (FTCA), alleging negligence and invasion of privacy on the part of the United States. *See* FAC. On September 17, 2012, Defendant United States moved to dismiss Lemke's claim for lack of jurisdiction, Fed. Rule Civ. P. 12(b)(1), or, in the alternative, moved for summary judgment pursuant to Rule 56(a). *See* Def's Mot.

## II. Discussion

Defendant argues that this Court should dismiss Plaintiff's action because she failed to raise her claim with the proper administrative authority within two years of its accrual, as required by the FTCA, and such a failure strips this Court of its jurisdiction to hear the case. Plaintiff argues that her claim did not accrue until she learned of Walker's arrest in 2010, or, in the alternative, that her untimely claims do not create a jurisdictional bar and should allow for equitable tolling remedies.

Because the Court finds, first, that Plaintiff's claims accrued in 2002, and, second, that current Ninth Circuit precedent interprets the statute of limitations in § 2401(b) to be jurisdictional, the Court must dismiss Plaintiff's claim against the United States for lack of subject matter jurisdiction.

### A. Accrual

Under the FTCA, a claim accrues "when a plaintiff knows or has reason to know of the injury which is the basis of" her action. *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (quoting *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir.1986)). The FTCA represents a waiver of the sovereign immunity of the United States, and, as such, must be strictly construed. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 94–95 (1990); *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979); *Soriano v. United States*, 352 U.S. 270, 276 (1957).

In certain circumstances, most notably claims involving medical malpractice, accrual

does not occur until the plaintiff "knows of both the existence of an injury *and its cause*." *Hensley*, 531 F.3d at 1056 (citing *Kubrick*, 444 U.S. at 122-23) (emphasis added). While medical malpractice claims provide a clear example of why such an exception, known as the "discovery rule," may be necessary–it is often impossible for plaintiffs to trace their injuries back to improper medical care without first discovering that malpractice occurred–courts do not employ this discovery rule broadly to find that accrual did not occur at the time of an injury. *See id.* at 1057 ("We reiterate[] the rule that the claim accrued when the plaintiffs 'knew both the fact of injury and its immediate physical cause.'") (quoting *Dyniewicz v. United States*, 742 F.2d 484, 487 (9th Cir. 1984)). Such a delay would defeat the purpose of the limitations statute, which is "to require the reasonably diligent presentation of tort claims against the Government." *Kubrick*, 444 U.S. at 123.

      The Ninth Circuit has also stated unequivocally that "accrual does not await a plaintiff's awareness, whether actual or constructive, of the government's negligence." *Hensley*, 531 F.3d at 1056 (citing *Kubrick*, 444 U.S. at 122-23); *see also Dyniewicz*, 742 F.2d at 487 ("[I]gnorance of the involvement of government employees is irrelevant to accrual of a federal tort claim."). In *Dyniewicz*, for example, plaintiffs pursuing a wrongful death claim did not learn until twenty-seven months after a flood killed their parents that National Park Service rangers may have played a role in the incident. 742 F.2d at 485. The court nevertheless held that the claim had accrued at the time of the flood, and not upon the plaintiffs' learning of the potential negligence of United States employees, because plaintiffs knew of both the harm (the death of their parents) and its immediate physical cause (a flooded highway). *See id.; see also Davis v. United States*, 642 F.2d 328, 331-32 (9th Cir. 1981) (affirming the district court's holding that the plaintiff's claim against the United States accrued when he knew that he had been injured by a polio vaccination, and not later when he learned, during the course of his lawsuit against Wyeth Laboratories, about allegedly negligent pre-approval vaccine testing conducted by an agency of the federal government).

      Here, Plaintiff's claims accrued at the time of each incident of sexual coercion with Walker because she knew at that time both the harm (unwanted sexual contact) and its immediate physical cause (Walker). Plaintiff makes the same argument that the court rejected in *Dyniewicz*, *Hensley*, and *Davis*, proposing that accrual is triggered by the emergence of new evidence of government negligence. *See Dyniewicz*, 742 F.2d. at 487; *Hensley*, 531 F.3d at 1056 (reiterating that "plaintiffs' ignorance of the involvement of United States employees is irrelevant to determining when their claim accrues") (internal quotations omitted); *Davis v. United States*, 642 F.2d at 331-32; *see also Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986) (refusing "to delay accrual of a federal tort claim until plaintiff knows or has reason to know of the culpability of federal agents.").[1] This

---

[1] To the extent that Plaintiff relies on two Oregon Supreme Court cases, *Berry v. Branner*, 245 Or. 307, 312 (1966), and *T. R. v. Boy Scouts of America*, 344 Or. 282, 291-92 (2008), to support her theory of accrual, the citations are inapposite. Under Section 2401(b), the date of accrual is determined solely by federal law, not Oregon law. *See Bartleson v. United States,* 96 F.3d 1270, 1276 and n. 4 (9th Cir. 1996) ("The date on which an FTCA claim accrues is determined by federal law. . . We have found no authority to indicate there are any situations in which federal law does not govern the accrual of an

argument must fail.

While the Court certainly appreciates why Ms. Lemke felt empowered to make her claims public only *after* hearing reports that others had suffered similar abuse at the hands of Walker, Ninth Circuit precedent does not factor such considerations into the determination of when accrual has occurred for the purposes of the FTCA.

### B. Section 2401(b)

Section 2401(b) of the FTCA requires both that a plaintiff present her claim against the United States to the appropriate federal agency within two years of its accrual and that she thereafter bring her claim in federal district court within six months of the agency's final denial of her claim. 28 U.S.C. § 2401(b). If the plaintiff fails to timely raise her claim, it is "forever barred." *Id.* The Ninth Circuit has held that this portion of Section 2401(b) is jurisdictional, and that a court is therefore precluded from hearing a case past the time limits outlined in the statute. *See Marley v. United States*, 567 F.3d 1030, 1035 (9th Cir. 2009) ("[T]he statute of limitations in § 2401(b) is jurisdictional and . . . the failure to file a claim within that time period deprives the federal courts of jurisdiction. Accordingly, the doctrines of equitable estoppel and equitable tolling do not apply.").

Plaintiff points out that there is a circuit split as to whether the time limits of Section 2401(b) constitute a jurisdictional bar, and she argues that recent Supreme Court cases have freed district courts to apply the doctrines of equitable estoppel and equitable tolling. *See* Pl's Opp'n at 7-8 (citing *Dunlap v. United States,* 2012 WL 510532 at *2-5 (D. Ariz. Feb. 26, 2012) (denying the United States' Rule 12(b)(1) motion to dismiss and holding that Section 2401(b) is not jurisdictional)). Current Ninth Circuit precedent, however, precludes this Court from ruling as Plaintiff urges.

While a strong argument can be made that the Supreme Court will eventually conclude that Section 2401(b) is not jurisdictional in nature and is subject to equitable tolling,[2] the Supreme Court has not yet specifically addressed the issue and the current and controlling position of the Ninth Circuit is clearly that the "statute of limitations in § 2401(b) is jurisdictional and that the failure to file a claim within that time period deprives the federal courts of jurisdiction." *Marley,* 567 F.3d at 1038 (9th

---

FTCA claim."); *Washington v. United States,* 769 F.2d 1436, 1438 (9th Cir. 1985) ("The date on which a claim accrues is determined by federal law."); *Poindexter v. United States,* 647 F.2d 34, 36 (9th Cir. 1981) ("It is long settled . . . that the statute of limitations in the FTCA . . . governs in FTCA actions, even when the state period of limitations is longer or shorter.").

2 *See Dunlap,* 2012 WL 510532 at *2-3 (arguing that the Supreme Court has addressed courts' "misapplication of the label 'jurisdiction' to what are actually merits-based dismissals for failure to state a claim" in *Arbaugh. Y & H Corp.,* 546 U.S. 500, 511 (2006), *Reed Elsevier, Inc. v. Muchnick,* 130 S.Ct. 1237, 1244 (2010), *Henderson ex rel. Henderson v. Shinseki,* 131 S.Ct. 1197, 1206 (2011), and *Gonzalez v. Thaler*, 132 S.Ct. 641, 648–52 (2012), and that those holdings would indicate that Section 2401(b) is not "jurisdictional" as the Ninth Circuit currently applies the word).

Cir. 2009), *cert. denied,* ––– U.S. ––––, 130 S. Ct. 796, (2009); *accord Adams v. United States,* 658 F.3d 928, 933 (9th Cir. 2011) ("The FTCA's statute of limitations is jurisdictional and not subject to equitable tolling or estoppel. . . . Thus, FTCA claimants must strictly adhere to the statute of limitations or lose the right to invoke federal jurisdiction."); *Banares v. Demore,* 417 Fed.Appx. 638, 2011 WL 703108 at *1 (9th Cir. Feb.18, 2011); *Keller v. United States*, 2012 WL 2929504 at *3 (D. Ariz. July 18, 2012) ("Because the Court concludes as a matter of law that Keller failed to timely present her administrative claims as required by § 2401(b), federal subject matter jurisdiction does not exist over this action."); *Santillo v. United States*, 2011 WL 2729243 at *3 (S.D. Cal. July 13, 2011) ("[S]ection 2401(b) is considered jurisdictional. . . .").[3]

Because her claim accrued, at the latest, in 2002, Lemke was obligated under the FTCA to "ascertain the existence and source of fault within the [two year] statutory period" after that date. *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981) (citing *Kubrick*, 444 U.S. at 124). She failed to do so, and Ninth Circuit precedent has foreclosed the possibility of applying equitable remedies to extend the time available to bring time-barred claims under the FTCA. *See Marley*, 567 F.3d at 1035.

### C. Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, a court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Plaintiff has failed to meet her burden of establishing that jurisdiction exists. Her claim accrued at the time Defendant Walker abused his authority and forced her to engage in sexual acts against her will, but she did not file with the appropriate administrative agency until long after the two year statute of limitations had run out. Because the statute of limitations defined in Section 2401(b) is jurisdictional, this Court now lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

This Court is sympathetic to Plaintiff's plight. She has laid out a series of highly

---

3 The same arguments raised by Lemke concerning the availability of equitable tolling to the FTCA's statute of limitations are currently on appeal before the Ninth Circiut. *See June v. United States,* Ninth Circuit Case No. 11–17776 (involving claims that were dismissed with prejudice for lack of jurisdiction because the administrative claims required by the FTCA were not timely presented to the Federal Highway Administration).

affecting and indisputably logical reasons explaining her failure to raise a claim before 2011.  The Court does not challenge those assertions, and it does not doubt that her fear of retaliation and her ignorance of the extent of Walker's abuses reasonably led her to feel that she could not safely make claims against him before 2011.  However, because Defendant raises a jurisdictional issue that has been clearly decided by the Ninth Circuit, the equitable remedies that this Court would otherwise employ are not available to it.  *See, e.g., Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) (holding that a district court erred in failing to apply law as set forth in the opinion of its home circuit, which had not been overruled at the time of decision and which was not clearly distinguishable).

This Court has before it several cases involving the claims of plaintiffs who allege similar abuse and exploitation at the hands of Defendant Walker.  *See Wafford v. Walker & United States*, Case No. 11-6411; *Garcia v. Walker & United States*, Case No. 10-06220; *Stevenson v. Walker & United States*, Case No. 10-6341.  Plaintiff Lemke's allegations may remain relevant to an ongoing case, but her failure to report these crimes in a timely matter deprives the court of jurisdiction to adjudicate her claim against the United States.

### III. Conclusion

For the foregoing reasons, Defendant's Motion is GRANTED, and Plaintiff's Third Claim against the United States is DISMISSED with prejudice.[4]  Accordingly, Plaintiff's pending Motion for Stay of Discovery (Dkt. 32), filed October 31, 2012, is DENIED AS MOOT.

The Clerk shall serve this Minute Order on all parties to the action.

---

4 Because the Court has determined that it lacks subject matter jurisdiction to adjudicate Plaintiff's claims, it need not address Defendant's alternative Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a).