**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 11-6111-DOC                    Date:  August 12, 2014

Title: SHELLEY A. LEMKE v. MARK JOHN WALKER, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Christy Weller                          Not Present
Courtroom Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
None Present                            None Present

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING MOTION FOR
                              AWARD OF ATTORNEY FEES [67]

Before the Court is Shelley A. Lemke's Motion for Attorney Fees Against Defendant Walker ("Motion" or "Mot.") (Dkt. 67).  Having considered the written submissions, the Court GRANTS the Motion.

## I.  BACKGROUND

The parties are familiar with the facts of this case, which was one of six that arose from Defendant's pattern of conduct, so the Court will not recite them in detail.

Shelley A. Lemke ("Ms. Lemke") was convicted of perjury in May 1998, and was eventually placed on supervised release under Defendant Mark John Walker ("Officer Walker") of the United States Department of Parole and Probation.  FAC ¶¶ 6–7 (Dkt. 14).  During this time, Ms. Lemke alleges that Officer Walker coerced her into engaging in sexual acts with him, including intercourse.  *Id.* ¶¶ 8–12.  These acts occurred, for example, during six home visits and one occasion when he ordered her to meet him at a casino hotel for a "supervision meeting."  Decl. of Shelley Lemke for Default Judgment (Dkt. 45) ¶¶ 5–8.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 11-6111-DOC                                      Date: August 12, 2014

Page 2

Officer Walker told Ms. Lemke that if she complied, he "could make some of [her] problems go away." *Id.* ¶ 6. He also threatened her that "he had the ability to cause her problems." FAC ¶ 10.

Even after her supervised release ended, she was too frightened to come forward because of threats from Officer Walker and her criminal and drug history. FAC ¶ 14. In July 2010, she found out that Office Walker had been indicted for engaging in similar acts of sexual coercion with other supervisees. *Id.* ¶ 14. She then filed a claim with the Administrative Office of the United States Courts on July 12, 2011. Decl. of John L. Chastain ¶¶ 4–10 (Dkt. 26). Her claim was finally denied on January 18, 2012. Decl. of John L. Chastain ¶¶ 4–10. On May 4, 2012, she brought an amended complaint naming the United States as a party defendant. *See generally* FAC.

On November 13, 2012, this Court dismissed Ms. Lemke's third claim for relief against the United States with prejudice because the Court lacked subject matter jurisdiction to consider it. November 13, 2012 Order (Dkt. 35). The Court reconsidered its previous decision in light of an intervening change in the law, *Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) (en banc). *See* Minute Order (Dkt. 54). The Court exercised its discretion to hold that the statute of limitations on Ms. Lemke's claims was equitably tolled, and decided that dismissal was inappropriate. *See id.* at 3–6.

The Court has also granted Ms. Lemke's Motion for Default Judgment against Defendant Mark John Walker. *See* Minute Order (Dkt. 62).

Now, Ms. Lemke moves the Court for attorneys' fees under 42 U.S.C. § 1988 against Officer Walker. *See generally* Mot. As of the date of this order, Officer Walker has not filed an opposition to the Motion. Any opposition now filed would be untimely.

## A. LEGAL STANDARD

Under 42 U.S.C. § 1988, the Court may, in its discretion, grant a reasonable attorneys' fee as part of the costs to the prevailing party. 42 U.S.C. § 1988(b). The lodestar formula should be used to determine a reasonable figure for an award of attorneys' fees. A lodestar figure is calculated by "multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986). "A 'strong presumption' exists that the lodestar figure represents a 'reasonable' fee, and upward adjustments of the lodestar are proper only in 'rare' and 'exceptional' cases." *Jordan v.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 11-6111-DOC                                      Date: August 12, 2014

*Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (quoting *Delaware Valley*, 478 U.S. at 565).

A plaintiff is considered a prevailing party if it succeeds on any significant issue in litigation that gives some benefit that plaintiff sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To satisfy this requirement, the suit must have produced a material alteration of the legal relationship between the parties. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). This alteration may be the result of an enforceable judgment or comparable relief through a consent decree. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

Once the Court has determined that attorneys' fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. "In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)). The first step the district court must take is to "determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie*, 217 F.3d at 1070 (internal quotation marks and citation omitted). Next, the district court should, where appropriate, "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." *Id.* (internal citation and quotation marks omitted).

## II. ANALYSIS

### A. Attorney's Fees

#### 1. Prevailing Party

Under 42 U.S.C. § 1988, the Court may, in its discretion, grant a reasonable attorneys' fee as part of the costs to the prevailing party. 42 U.S.C. § 1988(b). A plaintiff is considered a prevailing party if the suit produced a material alteration of the legal relationship between the parties. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). Here, Ms. Lemke was clearly the prevailing party, having attained a judgment against Officer Walker. *See* Minute Order, June 5, 2014 (Dkt. 62).

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

CIVIL MINUTES – GENERAL

Case No. CV 11-6111-DOC                                    Date: August 12, 2014

Page 4

## 2. Reasonableness of Rates

Typically, reasonable attorney's fees are guided by the lodestar method, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

Reasonable billing rates are determined by the "prevailing market rates in the relevant community[.]" *Blum*, 465 U.S. at 895-96; *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("[W]hen determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). "The burden is on the [fee applicant] to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [fee applicant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "In most cases, the lodestar figure is presumptively a reasonable fee award." *Stonebrae, L.P. v. Toll Bros.*, No. C-08-0221, 2011 U.S. Dist. LEXIS 39832, at *19 (N.D. Cal. Apr. 7, 2011) (citing *Hensley*, 461 U.S. at 430 n4).

Ms. Lemke requests the following rates for her counsel: $450/hour for Michael Rose, $400/hour for Beth Creighton, $335/hour for Laura Fine Moro, $215/hour for Gail Stevens, $120/hour for Carole Delogu-Clark, and $120/hour for Sydney Boling. Mot. at 12. Ms. Lemke has presented the Court with declarations that show that these rates are in line with the prevailing market rates in the community for the type of work that the case required. *See, e.g.*, Decl. of John Folawn at 1–2. Having reviewed these submissions, the Court finds that the rates charged by Ms. Lemke's attorneys are reasonable.

## 3. Reasonableness of Hours Expended

"[T]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A fee applicant "should make a good-faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 433. After the applicant has made its initial showing, the burden shifts to the non-

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 11-6111-DOC                                          Date: August 12, 2014

applicant to show that specific time expenditures were unreasonable. *Gates*, 987 F.2d at 1449–51.

Plaintiff's counsel present detailed records of the number of hours dedicated to each task. *See* Decl. of Beth Creighton Ex. A. Altogether, counsel and paralegals at Creighton & Rose spent 144.6 hours on this action, including investigations, discovery, drafting the complaints, opposing the motion to dismiss, and drafting the motion for default judgment. *See id.* at 1–14. Having reviewed these records, the Court finds that the hours that Ms. Lemke's attorneys expended on this action are reasonable.

### 4. Total Attorneys' Fees

The following chart sets out the reasonable fees for Ms. Lemke's counsel:

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| Michael Rose | 29.7 | $450 | $16,360 |
| Beth Creighton | 40.9 | $400 | $666.50 |
| Laura Fine Moro | 10 | $335 | $13,365 |
| Gail Stevens | 3.1 | $215 | $3,350 |
| Carole Delogu-Clark | 28.8 | $120 | $3,456 |
| Sydney Boling | 32.1 | $120 | $3,852 |

Altogether, Ms. Lemke's counsel are entitled to $41,049.50 in attorneys' fees.

### B. Litigation Expenses and Costs

In addition to attorneys' fees, Ms. Lemke seeks to recover litigation expenses and costs. Out-of-pocket expenses and costs billed to a fee-paying client are normally compensable under 42 U.S.C. § 1988. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986).

Ms. Lemke claims $814.81 in out-of-pocket expenses. Mot. at 13. She attaches documentation reflecting that those expenses were incurred in the normal course of

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 11-6111-DOC                                                Date: August 12, 2014

litigation, such as searching for and photocopying documents. *See* Creighton Decl. Ex.
B; *id.* ¶ 29. The Court finds that these litigation expenses and costs are reasonable.
Therefore, under 42 U.S.C. § 1988, Ms. Lemke is entitled to $814.81 in reimbursed
litigation expenses and costs.

## III.   DISPOSITION

For the reasons explained above, the Court GRANTS the Motion for Attorneys'
Fees Against Defendant Mark John Walker. Defendant Walker is liable for a total of
$41,049.50 in attorneys' fees and $814.81 in costs.

Plaintiff Shelley Lemke is ordered to file a proposed final judgment on or before
**September 2, 2014**. The final judgment should reflect the disposition of the case against
Defendant United States, the default judgment against Defendant Walker, and the award
of attorneys' fees and costs.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                               Initials of Deputy Clerk